CLD-202                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1381
_____

IN RE:  DONALD PRATOLA,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2-14-cv-03077)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 31, 2016

Before:  FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: April 13, 2016)
_____

OPINION*
_____

PER CURIAM


Donald Pratola, a New Jersey prisoner proceeding pro se, petitions for a writ of

mandamus to compel the United States District Court for the District of New Jersey to

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

rule on his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We will deny the petition.

## I.

In 1981, a jury found Donald Pratola guilty of murder and related crimes in the Superior Court of New Jersey, Essex County. He was sentenced to life imprisonment for the murder. Since that time, Pratola has sought relief in state and federal court, and he has filed numerous federal habeas petitions. Pratola filed the habeas petition at issue here in 2014.

The District Court issued orders directing the parties to address whether the petition was untimely. Pratola subsequently filed a motion to amend his petition to challenge a 2015 state parole proceeding and a separate motion to compel discovery. The District Court addressed the former motion in an October 2015 order and denied Pratola's discovery motion in a February 2016 order. The District Court, however, has yet to rule on Pratola's habeas petition, although the parties have addressed the District Court's orders regarding the petition's timeliness.

## II.

The writ of mandamus is a "drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Three conditions must be met before a petitioner may seek a writ of mandamus. Id. First, the

petitioner must have "no other adequate means to attain the relief" he seeks; second, the right to have a writ of mandamus issued must be "clear and indisputable;" and, third, the court that would issue the writ must be satisfied that mandamus is appropriate under the circumstances. Id. at 378-79. A Court of Appeals may issue a writ of mandamus "on the ground that undue delay is tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded on other grounds by 3d Cir. L.A.R. 24.1(c) (1997).

Pratola asks this Court to issue an order directing the District Court to decide his habeas petition. As set forth above, the District Court has not unduly delayed Pratola's case. The docket shows that the District Court has taken steps to adjudicate Pratola's habeas petition, and we are confident the District Court will resolve Pratola's petition in due course. Accordingly, we will deny Pratola's petition for a writ of mandamus.